## JACOB HALL *v.* J. W. LANSDOWN.

**Vendor and Purchaser—Pleading—Vendor's Lien.**

One who seeks to enforce a vendor's lien, reserved by express contract, must set out the contract in his petition; and the filing of a note which contains a stipulation that a vendor's lien is retained, does not dispense with the allegation in the petition to enforce the lien, that the lien was so reserved.

### APPEAL FROM ROWAN CIRCUIT COURT.

January 30, 1874.

Opinion by Judge Peters:

This court has held, and we think very properly, that an express stipulation in a contract for the sale of land, that the vendor retains a lien for the purchase money as between the parties, will be enforced in a court of equity, where the rights of strangers are not to be affected thereby, although the requisitions of Sec. 26, Chap. 80, Rev. Stat., may not have been complied with. But the party seeking to enforce a lien reserved by express contract, must set out the contract in his petition in direct terms.

In appellee's petition that is not done; the note is filed which contains a stipulation to the effect that a lien is retained; but that does not dispense with the allegation. The note is but evidence, and evidence without allegation will not authorize a judgment. Appellee asks in his prayer for an enforcement of his lien; but he prays for more than he has shown himself entitled to as receiver, and the court could not grant the relief under the state of pleadings.

Wherefore, the judgment is reversed and the cause is remanded with directions to set aside the sale and conveyance, and for further proceedings consistent herewith. The deed is copied in this record, but the clerk states that it was not filed until after the judgment was rendered, and it should not have been copied. On the return of the cause appellee should be permitted to amend his petition, and it might be well to give a more specific description of the land.

*Nesbitt*, for appellant.

*T. F. Hargis*, for appellee.